**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JONATHAN CASTANO HERNANDEZ,

Plaintiff,

v. Case No. 8:26-cv-2665-TPB-AAS

SHERIFF CHAD CHRONISTER, et al.,

Defendants.
________________________________________/

**ORDER DISMISSING CASE**

This matter is before the Court *sua sponte* on Jonathan Castano Hernandez's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" and "Emergency Motion for Temporary Restraining Order and Preliminary Injunction," filed on September 13, 2026. (Docs. 1; 1-1-2; 6). After reviewing the petition, motion, court file, and record, the Court finds as follows:

**Background**

This case arises from Petitioner Jonathan Castano Hernandez's detention by federal immigration authorities. Petitioner is a Colombian national who entered the United States in May 2024 after inspection and admission as a B-2 nonimmigrant. He subsequently filed an application for asylum and for withholding of removal (Form I-589), which remains pending before U.S. Citizenship and Immigration Services.

On September 11, 2026, federal immigration authorities took Petitioner into custody at Tampa International Airport while he was preparing to board a domestic

flight from Tampa, Florida, to New York, New York. Petitioner alleges that at the time of his detention, he was already physically present in the United States and was not arriving from a foreign country or otherwise seeking admission. On September 13, 2026, Petitioner filed his "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Doc. 1), along with an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Docs. 1-2; 6). Petitioner challenges his present immigration detention and seeks, among other relief, immediate release or an individualized bond hearing. Because the petition did not clearly identify Petitioner's place of confinement, the Court directed Petitioner to provide that information. (Doc. 5). Petitioner responded that, although he was confined at the Hillsborough County Jail in Tampa, Florida, when the petition was filed, he is now confined at Richwood Correctional Center in Richwood, Louisiana. (Doc. 7).

**<u>Analysis</u>**

A petition under § 2241 challenging present physical confinement is ordinarily directed to the petitioner's immediate custodian and brought in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 442-43 (2004). A petitioner's transfer after the proper filing of a habeas petition does not necessarily divest the original court of jurisdiction. *See id.* at 440-41 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)). Following a transfer, however, the original court may grant habeas relief only if a respondent within its territorial jurisdiction has legal authority to effectuate the petitioner's release. *Id.* at 441; *Escalante v. Cerna*, No.

CIV-26-1345-R, 2026 WL 2447153, at *1-2 (W.D. Okla. Aug. 20, 2026); *Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39, 44-46 (D. Mass. 2016). Consequently, although jurisdiction over a properly filed habeas petition may survive a subsequent transfer, the original court cannot grant effective habeas relief when the petitioner's current custodian is outside the court's territorial jurisdiction and no respondent remaining within the district has custody over or legal authority to release the petitioner.

Petitioner here properly filed his petition in the Middle District of Florida and named Sheriff Chronister, his then-immediate custodian, as a respondent. Because the petition was properly filed, this Court retains jurisdiction notwithstanding Petitioner's subsequent transfer. But given Petitioner's transfer to Richwood Correctional Center in Louisiana, his current immediate custodian is outside this District, and nothing presently before the Court establishes that any respondent located within the Middle District of Florida retains custody over Petitioner or legal authority to effectuate his release from his present confinement in Louisiana. As such, this Court cannot provide the habeas relief Petitioner seeks. *See Padilla*, 542 U.S. at 441-43; *Escalante*, 2026 WL 2447153, at *1-2; *Gonzalez*, 152 F. Supp. 3d at 44-46. Accordingly, this case is dismissed without prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Petitioner Jonathan Castano Hernandez's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to Petitioner filing an appropriate petition in

the district of his present confinement. Petitioner's "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Docs. 1-2; 6) is **DENIED AS MOOT**. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE